JUDGE ROBERTSON
delivered the opinion op the court:
The pleadings, proofs, and acts of the parties have reduced this litigation, when properly analyzed and judicially considered, to a single question involved in *402 the sale of the thirty-two acre tract of land, and that is, whether the statute of February 12th, 1858 (2d vol. Slant. R. Stat., p. 513-14-15), applies to the sale of that land under execution.
That enactment was the probable offspring of the decision of this court in Watson vs. Gabby (18 B. M., 665), as to the sale under execution of the interest of one partner in partnership property; and the title of the act — the third section of which can apply only to ' movable property, the seventh section, which cannot apply to immovables, and the context and presumed object of the act, conduce to the conclusion that it intended to provide only for sales of partnership property, and did not contemplate sales of the interest of a joint tenant of land; and this court, therefore, adjudges this restrictive application to be the true legislative intent.
Therefore, as the judgment harmonizes with this interpretation, it is affirmed.
The Chief Justice did not sit in this case.